IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-309-F

| | |
|---|---|
| LEE B. FARKAS, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OFFICE OF THE SPECIAL INSPECTOR | ) |
| GENERAL, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the court on the Government's Response [DE-28] to this court's October 3, 2014, Order [DE-28]. For the reasons stated below, the hearing in this matter scheduled for October 22, 2014 is CANCELLED, and the Motion to Compel Document Production [DE-21] and Request to Defer Ruling [DE-22] filed by the *pro se* Plaintiff Lee B. Farkas are DENIED.

Farkas, a federal prisoner currently housed at FCI Butner Medium II, filed this civil action last year pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, "seeking the disclosure and release of agency records improperly withheld from plaintiff by . . . [the] Office of the Special Inspector General for the Troubled Asset Relief Program ("SIGTARP")." Compl. [DE-1] ¶ 1. On October 15, 2013, the Government filed a Stipulation of Dismissal Without Prejudice [DE-20] signed by Neal Fowler, Assistant United States Attorney, and Farkas. The court thereafter closed the case.

On June 2, 2014, Farkas filed the instant Motion to Compel. Therein, he asserts that he reached a Settlement Agreement with the Government, which resulted in the filing of the Stipulation of Dismissal. He contends, however, that the Government has not complied with the Settlement

Agreement, which provides that the parties stipulate and agree to the following:

1. SIGTARP agrees to process the plaintiff's FOIA request as if it were filed on September 24, 2012;
2. SIGTARP agrees to waive the substantial fees required for reviewing and copying of relevant documents responsive to this FOIA request;
3. The plaintiff agrees to dismiss this action without prejudice (i.e., the plaintiff may refile an action for any FOIA violations as set forth herein);

. . .

5. SIGTARP retains the right to withold any document under applicable FOIA Exemptions, except under Exemption 7(A) with regard to enforcement proceedings against plaintiff;
6. The plaintiff retains the right to refile his Complaint on the grounds that his request was not properly processed in accordance with FOIA; and
7. The plaintiff and SIGTARP mutually agree to work together to prioritize document production, eliminate unneeded documents, and schedule a rolling production of the voluminous documents requested.

Settlement Agreement [DE-21-1].

Farkas contends that more than two months after he signed the Settlement Agreement, he asked General Counsel for SIGTARP to provide a schedule of production of documents, but received no response. In his motion to compel, however, Farkas does not include information about correspondence he received from SIGTARP's General Counsel dated October 18, 2013, which stated that SIGTARP had identified approximately 46,000 pages of documents and more than 20,000 emails to review. The letter also included information explaining the complexity of processing the FOIA request, including (1) under FOIA law, many documents that were obtained from other agencies must be referred back to those agencies for review and analysis under FOIA; (2) many documents contain personally identifiable information, confidential or proprietary business information, or other information subject to the Privacy Act, 5 U.S.C. § 552(a), and must be

2

examined to determine if they are subject to being withheld or can be redacted; and (3) many of the documents are several hundred pages long each and must be divided into the original discrete documents and analyzed individually. The letter also advised that reviewing the 20,000 emails would be a lengthy and time-consuming process, and asked if Farkas would be willing to narrow his request to specific issues. *See* Response, Ex. B [DE-28-3]. In response, Farkas declined to narrow the scope of his request with regard to the emails, explaining that he was unable to do so. *See* Response, Ex. C [DE-28-4].

Farkas received a letter in February informing him that two boxes of documents were being shipped to him, but he received only one of the two boxes. He did, however, receive a separate third shipment of documents in April 2014. Farkas filed the instant Motion to Compel [DE-21] seeking an order compelling Defendant (1) to replace the missing documents from the first shipment and (2) to produce the balance of his request for documents.

A little more than two weeks after filing the Motion to Compel, Farkas filed a Request to Defer Ruling [DE-22]. Farkas asserted that the Government had told him that document production was eminent, and he asked the court to defer ruling for ninety days. Shortly thereafter, the Government filed its Response [DE-23] in opposition to the Motion to Compel, asserting that (1) Farkas' motion is not proper because the action is closed; (2) the motion is moot because the Government recopied and resent the missing box of documents, and (3) Farkas has not "established an adequate basis for relief." Response [DE-23] at 2. Farkas then filed his Rebuttal [DE-24], asserting that the Government has only produced 16,000 pages of the 68,000 pages it has identified as being responsive to his request.

The court construed Farkas' Motion to Compel to be asking the court to reopen the case, and

3

either enforce the settlement agreement or restore the case to the active docket. The court set the matter for hearing on October 22, 2014. The Government filed its response on October 16, 2014, providing additional correspondence between Farkas and SIGTARP, which sheds light on the pace of the production of the documents.

Based on the information contained in the Government's response and exhibits thereto, the court finds that reopening this case pursuant to Rule 60(b)(6) is not warranted, because there has not been a breach of the Settlement Agreement. Although the pace of the document production has not been satisfactory to Farkas, the court does not find that any of the circumstances indicate that the Government has failed to comply with the terms of the Settlement Agreement. Accordingly, the Motion to Compel [DE-21] is DENIED without prejudice. The Request to Defer Ruling [DE-22] is DENIED as moot.

SO ORDERED. This the ⟨17⟩ day of October, 2014.

James C. Fox
Senior United States District Judge

4